JAMES CLARKSON
ACTING REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                    Plaintiff,       :
                                     :   08 Civ. _____ ( )
          - against -                :
                                     :
MARC S. DREIER,                      :
                                     :
                    Defendant.       :
-------------------------------------------------------------x

## DECLARATION OF NORMAN N. KINEL

NORMAN N. KINEL declares as follows under 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice before all courts of the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York, the Second Circuit Court of Appeals and the United States Supreme Court.

2. I am employed by the law firm of Dreier LLP ("Dreier"), with its principal office located at 499 Park Avenue, New York, New York 10022.

3. Dreier is counsel for The Official Committee of Unsecured Creditors of 360networks (USA) inc. *et al.* (the "Committee") in connection with the Chapter 11 Bankruptcy cases of 360networks (USA) inc. and certain of its affiliates that are now reorganized debtors ("360", and together with the Committee, "Plaintiffs").

1

4. The Committee was appointed by the Office of the United States Trustee for the Southern District of New York shortly after 360 filed for Chapter 11 protection in 2001. 360 emerged from Chapter 11 in 2002, although the Committee has at all times remained in existence.

5. Although the Committee was originally comprised of 11 members, presently there are only four (4) members of the Committee, as follows: AboveNet Communications, Inc., Pirelli North America, Inc, as the successor to the claims of Pirelli Communications Cables and Systems LLC, Kajima Construction Services, Inc. and Wagner Equipment Co. 360 is an ex officio member of the Committee.

6. For five (5) years, Dreier has represented Plaintiffs in connection with well over 200 avoidance actions (collectively, the "Avoidance Actions") filed on their behalf. Throughout this time, I have acted as lead counsel on behalf of Plaintiffs.

7. The beneficiaries of the net amount of funds collected from the Avoidance Actions (the "Net Preference Recoveries") are those holders of allowed, general unsecured claims against 360, who are to share pro rata in the Net Preference Recoveries. In addition, 360 itself is a beneficiary of a certain percentage of the Net Preference Recoveries.

8. Dreier resolved all of the Avoidance Actions and obtained nearly $65 million in cash recoveries for unsecured creditors.

9. As of late November 2008, Dreier had resolved all of the Avoidance Actions, as well as an additional litigation that Dreier had commenced on behalf of Plaintiffs against another law firm that represented them in certain other litigation.

10. Pursuant to the terms of 360's plan of reorganization (the "Plan"), 360 is the disbursing agent of the Net Preference Recoveries to unsecured creditors. Also pursuant to

the terms of the Plan, 360 is to receive the amount of Net Preference Recoveries to which it is entitled on or before the date upon which distributions of Net Preference Recoveries are to be made to 360's creditors.

11. Pursuant to authorization received from the Committee, Dreier made two distributions of Net Preference Recoveries to 360 – one on September 8, 2008 in the amount of $4.5 million and one on November 17, 2008 in the amount of $11.9 million.

12. The balance of Net Preference Recoveries as of December 1, 2008 was approximately $38.5 million.

13. On December 1, 2008, I notified Marc S. Dreier, the owner and managing partner of Dreier, in writing, that on the following day he was to wire transfer the approximately $38.5 million in remaining Net Preference Recoveries to 360 for distribution to unsecured creditors. On December 2, 2008, after learning that the wire transfer had not been made, I twice requested in writing that Mr. Dreier wire transfer the funds to 360. As of the close of business on December 2, 2008, however, the wire transfer had not been made.

14. On December 3, 2008 I, and others at Dreier learned that Mr. Dreier had been arrested in Toronto, Canada on a charge of "impersonation." I then made inquiry of the firm's Controller and bookkeeper regarding the funds that should have been wired to 360 and was advised that substantially less than $38.5 million was available in those firm accounts to which the Controller and bookkeeper had access. I notified the Committee and 360 of Mr. Dreier's arrest in Toronto and that Dreier LLP was unable to effectuate the transfer.

15. The following morning, my attorney Cynthia M. Monaco of Buchanan, Ingersoll & Rooney, P.C. acting on my behalf, made contact with the Federal Bureau of Investigation, the United States Attorney's Office for the Southern District of New York, and

Wachovia Bank, where the firm maintained accounts, and relayed my concerns regarding the unavailability of the 360 funds and the arrest of Mr. Dreier.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2008.

                                                                     NORMAN N. KINEL