JAMES CLARKSON
ACTING REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-1020



UNITED STATES DIST`RICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                            Plaintiff,    :
                                          :    08 Civ. 10617 (MGC)
           - against -                  :    ECF CASE
                                          :
MARC S. DREIER,                           :
                                          :
                          Defendant.   :
                                          :
-------------------------------------------------------------x

## PARTIAL JUDGMENT ON CONSENT

      The Securities and Exchange Commission ("SEC") having filed a Complaint in this matter on December 8, 2008; the SEC that same day having filed an Application for Emergency Preliminary Relief Against Defendant Marc S. Dreier ("Defendant"); the Court on December 8 and 10, 2008 having issued a temporary restraining order, asset freeze and other relief against Defendant, and having appointed Mark Pomerantz receiver; the Court on January 13, 2009, having issued a Stipulation and Preliminary Injunction; and Defendant having consented to entry of this Partial Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Partial Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a.    employing any device, scheme or artifice to defraud;

    b.    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    c.    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the

disgorgement and civil penalty upon motion of the SEC. Prejudgment interest shall be calculated from the date of the first violation, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Court's January 13, 2009, Stipulation and Preliminary Injunction Order shall remain in full force until this action is fully resolved or as otherwise ordered by this Court.

### IV.

**IT IS FURTHER ORDERED** that this Partial Judgment shall be, and is, binding upon Defendant and his partners, agents, servants, employees, attorneys, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise.

V.

**IT IS FURTHER ORDERED** that the Consent of Defendant Marc S. Dreier to a Partial Judgment filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

_____
UNITED STATES DISTRICT JUDGE

Issued at : ___9___ : _10_ _a_.m.
May ~~March~~ 7, 2009
New York, NY

4

JAMES CLARKSON
ACTING REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-1020

UNITED STATES DIST'RICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                     Plaintiff,      :
                                     :        08 Civ. 10617 (MGC)
        - against -                  :        ECF CASE
                                     :
MARC S. DREIER,                      :
                                     :
                     Defendant.      :
                                     :
------------------------------------------------------------x

## CONSENT OF DEFENDANT
## MARC S. DREIER TO PARTIAL JUDGMENT

1.      Defendant Marc S. Dreier ("Defendant") acknowledges having been served with the summons and complaint in this action, enters a general appearance, waives filing an answer, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the proposed Partial Judgment On Consent in the form attached hereto (the "Partial Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violating Section 17(a)

                of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)],

1

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5];

(b) directs the issues of disgorgement and civil penalty to be decided at a later time in this action; and

(c) continues the relief imposed by the Court's Stipulation and Preliminary Injunction Order, issued January 13, 2009.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the proposed Partial Judgment.

5. Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the SEC, and that prejudgment interest shall be calculated from the date of the first violation, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony,

2

and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Partial Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Partial Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Partial Judgment and agrees that entry of the Partial Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

10. Defendant acknowledges that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant further acknowledges that the Court's entry of a Partial Judgment may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of,

3

a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

11.    Defendant agrees that the SEC may present the proposed Partial Judgment to the Court for signature and entry without further notice.

Dated: 4/29/09

_____
Marc S. Dreier

On April 29, 2009, Marc Dreier, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 2013

Approved as to form:

_____
The Law Offices of Gerald L. Shargel
570 Lexington Avenue
New York, N.Y. 10022
*Attorney for Defendant Marc S. Dreier*

Ross M. Kramer
Notary Public State of New York
No. 02KR6187623
Qualified in New York County
Commission Expires May 27, 2013

4