UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

     -against-

MARC S. DREIER,

                Defendant.
------------------------------------------------------------x

08 Civ. 10617(MGC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/09

## STIPULATION AND ORDER BETWEEN THE SECURITIES AND EXCHANGE COMMISSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DREIER LLP REGARDING THE DISCLOSURE, CONFIDENTIALITY, AND PERMITTED USES OF DOCUMENTS AND INFORMATION USED IN COMPILING REPORT OF RECEIVER

### RECITALS:

WHEREAS, on December 4, 2008, the United States Attorney for the Southern District of New York filed a criminal complaint against Marc S. Dreier ("Dreier"), charging Dreier with securities and wire fraud. Dreier was arrested on December 7, 2008, and later indicted in a seven count indictment alleging securities and wire fraud on January 29, 2009.

WHEREAS, on December 8, 2008, the Securities and Exchange Commission ("SEC") commenced an action encaptioned *SEC v. Dreier*, Case No. 08-CIV-10617(MGC) (the "SEC Action") in the United States District Court for the Southern District of New York ("District Court").

WHEREAS, upon application of the SEC, the District Court, by written order dated December 10, 2008 (the "December 10 Order"), appointed the Mark F. Pomerantz ("Receiver") as receiver of Dreier's assets, including Dreier's interests in the Dreier LLP (the "Debtor").

WHEREAS, the December 10 Order required the Receiver to submit a report to the Court.

WHEREAS, on December 16, 2008 (the "Petition Date") the Receiver, on behalf of Dreier LLP, commenced a voluntary case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

WHEREAS, on December 30, 2008, the United States Trustee for the Southern District of New York appointed Sheila M. Gowan as Chapter 11 Trustee ("Trustee") of the Debtor's estate in the Chapter 11 Case.

WHEREAS, on January 8, 2009, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors ("Committee") pursuant to section 1102 of the Bankruptcy Code in the Chapter 11 Case.

WHEREAS, on February 17, 2009, the Receiver submitted his "Report of the Receiver and Request for Dissolution of Receivership" (the "Receiver Report") to the District Court.

WHEREAS, pursuant to order entered on March 24, 2009, the District Court ordered that the Receiver Report be filed on the District Court's docket in the SEC Action, but that exhibits (the "Exhibits") to the Receiver Report not be filed.

WHEREAS, the Committee, in the discharge of its obligations to investigate the acts, conduct, assets, liabilities and financial condition of the Debtor (the "Committee Investigation") requested from the Receiver a copy of the Receiver Report and Exhibits.

WHEREAS, the Receiver, in consultation with the SEC, has agreed to release the Receiver Report and Exhibits to the Committee, subject to the terms and conditions of this Stipulation And Order Between The Securities And Exchange Commission And The Official

Committee Of Unsecured Creditors Of Dreier LLP Regarding The Disclosure, Confidentiality, And Permitted Uses Of Documents And Information Used In Compiling Report Of Receiver (the "Stipulation").

WHEREAS, the Receiver has agreed that upon Court approval of this Stipulation that the Receiver will provide the Disclosed Information (as defined below) to the Committee and that he has no objection to the agreement between the SEC and the Committee set forth herein.

IT IS THEREFORE STIPULATED AND AGREED AS FOLLOWS:

1. <u>Disclosed Information</u>. Any information, in any form, provided by the Receiver pursuant to this Stipulation shall be referred to as the "<u>Disclosed Information</u>." The Disclosed Information shall specifically include, but is not limited to, the Exhibits to the Receiver Report and any analyses, work product, source material, or other information used by the Receiver to compile the Receiver Report. Subject to the terms of this Stipulation, the Receiver is hereby authorized to provide the Disclosed Information to the Committee.

2. <u>Confidentiality</u>. The Disclosed Information shall remain confidential and shall be protected from disclosure to any third party except as herein provided. Notwithstanding the foregoing, the Committee shall be permitted to use any Disclosed Information for purposes of the Committee Investigation, including, without limitation, depositions of the Debtor's former owner, officers, partners or professionals.

3. <u>Internal Disclosure</u>. The Disclosed Information shall be used solely in connection with Committee Investigation, on behalf of the Debtor or its estate. The Disclosed Information shall not be disclosed to any third party and will be disclosed only to those persons directly and actively involved in the Committee Investigation (a "<u>Qualified Person</u>"), the professionals acting

3

for the Committee, members of the Committee, or their respective professionals. All Qualified Persons who are permitted access to the Disclosed Information shall be advised that such materials are confidential and are subject to the terms of this Stipulation.

4. <u>Disclosure In Pleadings</u>. Notwithstanding anything to the contrary herein, the Committee may use the Disclosed Information in any pleading filed with the Bankruptcy Court, provided, however, that the Committee shall first confer with the SEC regarding the proposed use of the Disclosed Information in an effort to reach a mutual agreement as to whether the Disclosed Information can be filed with the Bankruptcy Court as proposed; or, if the SEC requests, the Committee shall seek an order of the Bankruptcy Court authorizing the Disclosed Information to be filed under seal. The foregoing shall not apply to any Disclosed Information that was, prior to such proposed filing, in the public domain.

5. <u>Discovery</u>. If any other person or entity requests or demands, by subpoena or otherwise, any Disclosed Information from any of the parties hereto or a Qualified Person, the recipient of the request will immediately notify counsel for the other parties to this Stipulation and counsel so notified will take all steps necessary to permit the assertion of all applicable rights and privileges with respect to said Disclosed Information and shall cooperate fully with such other counsel in any judicial proceeding relating to the disclosure of Disclosed Information.

6. <u>Authority</u>. The execution of this Stipulation by the undersigned counsel for the parties has been duly authorized and is the valid, binding and enforceable act of each of the clients upon whose behalf said counsel has executed the Stipulation. Each party agrees that this Stipulation, and all obligations arising hereunder, shall be binding on any counsel employed in the future by that party, as if such counsel had signed the Stipulation.

7. <u>Notices</u>. All notices required or permitted to be given hereunder shall be in writing and shall be personally delivered to the following addresses:

<u>If to the Committee</u>:

>KLESTADT & WINTERS, LLP
>292 Madison Avenue, 17th Floor
>New York, New York 10017
>Attn: Tracy L. Klestadt, Esq.
>    Sean C. Southard, Esq.
>    Joseph C. Corneau, Esq.

<u>If to the SEC</u>:

>JAMES CLARKSON
>ACTING REGIONAL DIRECTOR
>SECURITIES AND EXCHANGE COMMISSION
>New York Regional Office
>3 World Financial Center—RM 400
>New York, New York 10281
>Attn: Jack Kaufman, Esq.

All such notices delivered in accordance with the foregoing shall be deemed received when the notice and all required copies are personally delivered.

IN WITNESS WHEREOF, the undersigned have executed this Stipulation on this 2nd day of April, 2009.

[signature page follows]

JAMES CLARKSON
ACTING REGIONAL DIRECTOR
SECURITIES AND EXCHANGE COMMISSION

By: /s/ Jack Kaufman
Jack Kaufman
Attorneys for the Securities and Exchange
Commission

KLESTADT & WINTERS, LLP

By: /s/
Tracy L. Klestadt
Sean C. Southard
Joseph C. Corneau
Attorneys for the Official Committee of Unsecured
Creditors

Dated: July 29, 2009

SO ORDERED: Subject to modification by the court as the interest of justice may require,

_____
The Honorable Miriam Goldman Cedarbaum
United States District Judge